
IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY PRICE,

    Petitioner,

vs.

TOM CAREY, Warden,

    Respondent.

    No. CIV S-02-0077 GEB KJM P

FINDINGS AND RECOMMENDATIONS

Petitioner, a state prisoner proceeding with counsel, has filed an application for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner filed the instant action in response to the California Board of Prison Terms' (BPT) denying petitioner parole in 1999.

In 2003, the BPT granted petitioner parole. However, the decision to grant petitioner parole was reversed by Governor Schwarzenegger in 2004. In September 2004, the court ordered petitioner to show cause why this action should not be dismissed without prejudice to petitioner filing a new habeas action against Governor Schwarzenegger. Petitioner has filed a response to the order to show cause objecting to dismissal. Respondent has filed a response arguing dismissal is appropriate.

/////

/////

The court will recommend dismissal.  The allegations in petitioner's current application concern denials of constitutional rights by the BPT.  Petitioner seeks relief from the BPT.  But, petitioner now has obtained the relief he sought from the BPT.  If petitioner is being held in prison in violation of the constitution, it is due to the actions of Governor Schwarzenegger, whose authority regarding parole flows from the state constitution and statutory authority separate from the statutes governing the BPT's decisions.  See Cal. Const., art. V, section 8(b) & Cal. Penal Code § 3041.2; cf. Cal. Penal Code §§ 3040 et seq., 5075 et seq.  Any relief petitioner seeks thus should be from the governor.  Petitioner is free to file new a habeas action challenging the actions of Governor Schwarzenegger.  However, petitioner is cautioned that before he may assert claims against Governor Schwarzenegger he is required to first present those claims to the California Supreme Court.[1]  28 U.S.C. § 2254(b); Picard v. Connor, 404 U.S. 270, 276 (1971).

In accordance with the above, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

/////

/////

/////

---

[1] Petitioner asserts he should not be required to exhaust state court remedies with respect to any claims against Governor Schwarzenegger, as exhaustion would be futile.  However, petitioner has not made clear the specific claims he would or could assert against Governor Schwarzenegger, putting a determination of futility beyond this court's reach.  If petitioner truly believes exhaustion would be futile, the proper course of action would appear to be to commence a new action and present the futility argument therein as excusing exhaustion.

1 | shall be served and filed within ten days after service of the objections.  The parties are advised
2 | that failure to file objections within the specified time may waive the right to appeal the District
3 | Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4 | DATED: June 14, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] price0077.157