IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY PRICE,<br><br>                Petitioner,<br><br>    vs.<br><br>GARY SWARTOUT,[1] Warden (A),<br>California State Prison, Solano,<br><br>                Respondent. | No. 2:02-cv-00077-JKS<br><br>STAY ORDER |

      At Docket No. 61 this Court issued an Order to Show Cause why this matter should not be stayed pending the issuance of the mandate by the United States Court of Appeals for the Ninth Circuit in *Hayward v. Marshall*, 512 F.3d 536, *rehrg en banc granted*, 527 F.3d 797 (9th Cir. 2008), Case No. 06-55392. At Docket No. 62 Respondent concured that this matter should be stayed. At Docket No. 63 Petitioner Jeffrey Price, a state prisoner appearing through counsel, opposed staying this matter.

      In his amended petition Price presents three grounds: (1) his due process rights were violated (a) because the parole board is biased against granting parole to "lifers," (b) the evidence does not support the denial of parole and the decision of the parole board failed to conform to the controlling statute and regulations, (c) the parole board denied him parole based solely on the facts of the underlying conviction, and (d) governor's reversal of the grant of parole in 2004

---

    [1] Gary Swartout, Warden (A), California State Prison, Solano, is substituted for Thomas L. Carey, Warden, California State Prison, Solano. Fed. R. Civ. P. 25(d).

breached his plea agreement; (2) denial of parole constitutes cruel and unusual punishment; and (3) the governor's reversal of the board grant of parole in 2004 violated the *ex post facto* clause. In opposing entry of an order staying this action, Price contends that the law is well-settled and delay awaiting the decision in *Hayward* will cause him irreparable injury, *i.e.*, continued wrongful imprisonment.

This Court is not unmindful of the decision of the California Supreme Court in *In re Lawrence*,[2] which strongly supports Price's position. This Court cannot, however, grant relief unless the decision of the state court being reviewed in this case was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[3] The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[4] Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[5]

---

[2] 190 P.3d 535 (Cal. 2008); *see also In re Shaputis*, 190 P.3d 573 (Cal. 2008).

[3] 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 405–406 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-73 (2003) (explaining this standard).

[4] *Williams v. Taylor*, 529 U.S. at 412.

[5] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. ___, 128 S. Ct. 743, 746-47 (2008) (per curiam).

Whatever view the California Supreme Court may have construing Federal law, no matter how persuasive, is irrelevant in a federal habeas proceeding.[6]

Contrary to Price's contentions, the law concerning the extent of the reliance by the parole board on the facts of the underlying conviction constitutes a denial of due process is far from "well settled." Squarely before the en banc panel in *Hayward* is whether the *dicta* in *Biggs v. Terhune*,[7] "[a] continued reliance in the future on an unchanging factor, the circumstances of the offense and conduct prior to imprisonment, runs contrary to the rehabilitative goals espoused by the system and could result in a due process violation," is, or should be, the *Federal law* of the circuit. Whatever the decision reached in *Hayward* may be, this Court will be bound by that decision,[8] not the decision of the California Supreme Court in *Lawrence*.

The Court is also not unmindful of the potential adverse impact that staying this action may have on Price. On the other hand, any ruling in his favor by this Court more likely than not would be appealed to the Ninth Circuit, which is itself holding cases in abeyance pending the decision in *Hayward*.

The opposition to further staying of this action indicates that the Board of Parole Hearings granted Price a parole, which the Governor overturned on June 5, 2009. That action renders the petition moot to the extent that it challenges the prior action by the Board. That does

---

[6] This Court also notes that not only was *Lawrence* decided after the final state court decision in this case, but in deciding *Lawrence*, the California Supreme Court was relying upon the California Constitution and statutes. It does not appear from the opinion or the authorities cited that it was based upon Federal law as determined by the United States Supreme Court.

[7] 334 F.3d 910, 916–17 (9th Cir. 2003).

[8] *See Miller v. Gammie*, 335 F.3d 889, 899–900 (9th Cir. 2003) (en banc).

not, however, moot the challenge to the Governor's reversal of the Board's action.[9] On the other hand, the June 2009 action by the Governor remains subject to review by the California courts. Accordingly, as to the latest decision by the Governor, Price has not yet exhausted his state court remedies, and this matter should be stayed and held in abeyance pending exhaustion of his state court remedies. Prior decisions of the California courts in this case pre-dated *Lawrence*. Should the California courts grant Price relief, this action will become moot. On the other hand, should the California courts deny Price relief, the issue then to be decided by this Court will be whether that decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[10]

**IT IS THEREFORE ORDERED THAT** this matter is stayed pending the issuance of the mandate by the United States Court of Appeals for the Ninth Circuit in *Hayward v. Marshall*, 512 F.3d 536, *rehrg en banc granted*, 527 F.3d 797 (9th Cir. 2008), Case No. 06-55392.

**IT IS FURTHER ORDERED THAT** Respondent is directed to inform the Court of the final decision of the California state courts either granting or denying Petitioner a writ of habeas corpus, including therewith a copy of the decision, within 30 days after such decision becomes final.

---

[9] *See Price v. Carey*, 215 Fed. Appx. 696 (9th Cir. 2006) (reversing the earlier decision of this Court that subsequent actions by the Board and the Governor rendered the matter moot).

[10] 28 U.S.C. § 2254(d).

**IT IS FURTHER ORDERED THAT**, should the Petitioner be granted parole, not later than 30 days after the decision of the Board of Parole Hearings becomes effective, Respondent is directed to inform the Court of the action of the Board and the date Petitioner is scheduled to be released on parole.

Dated:  October 28, 2009.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge