IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY PRICE,<br><br>　　　　　　　Petitioner,<br><br>　vs.<br><br>GARY SWARTOUT, Warden (A),<br>California State Prison, Solano,<br><br>　　　　　　　Respondent. | No. 2:02-cv-00077-JKS<br><br>ORDER |

　　　　At Docket No. 64 this Court stayed this matter pending the issuance of the mandate by the United States Court of Appeals for the Ninth Circuit in *Hayward v. Marshall*, 512 F.3d 536, *rehrg en banc granted*, 527 F.3d 797 (9th Cir. 2008), Case No. 06-55392.  The Ninth Circuit has rendered its en banc decision and issued the mandate.  *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc).

　　　　In opposing the issuance of stay, Petitioner Jeffrey Price informed this Court that the Board of Parole Hearings granted Price a parole, which the Governor reversed on June 5, 2009. That action renders the petition moot to the extent that it challenges the prior action by the Board. That does not, however, moot the challenge to the Governor's reversal of the Board's action.[1] On the other hand, the June 2009 action by the Governor remains subject to review by the California courts.  Accordingly, Price has not yet exhausted his available state court remedies

---

[1] *See Price v. Carey*, 215 Fed. Appx. 696 (9th Cir. 2006) (reversing the earlier decision of this Court that subsequent actions by the Board and the Governor rendered the matter moot).

with respect to the June 2009 action by the Governor. Prior decisions of the California courts in this case pre-date the decision of the California Supreme Court in *In re Lawrence*,[2] which strongly supports Price's position. Should the California courts grant Price relief, this action will become moot. On the other hand, should the California courts deny Price relief, this Court "need only decide whether the California judicial decision approving the Governor's decision rejecting parole was an 'unreasonable application' of the California 'some evidence' requirement, or 'was based on an unreasonable determination of the facts in light of the evidence.'"[3]

In the interests of judicial efficiency and comity, to avoid the unnecessary incursion by a federal court into state proceedings, further proceedings in this case should be held in abeyance pending exhaustion of available state court remedies with respect to the June 2009 action by the Governor.

**IT IS THEREFORE ORDERED THAT** further proceedings in this matter are held in abeyance pending Petitioner's exhaustion of available state court remedies in connection with the June 2009 action by the Governor reversing the Board of Parole Hearings.

**IT IS FURTHER ORDERED THAT**, within 14 days of the service of this Order and not less than every 90 days thereafter, counsel for the Petitioner is to inform this Court of the status of the proceedings in the California courts.

**IT IS FURTHER ORDERED THAT**, in the event that the California Supreme Court denies relief, Petitioner is granted leave to file an amended petition for relief in this Court,

---

[2] 190 P.3d 535 (Cal. 2008); *see In re Shaputis*, 190 P.3d 573 (Cal. 2008).

[3] *Hayward*, 603 F.3d at 563 (footnotes citing 28 U.S.C. § 2254(d) omitted); *see Cooke v. Solis,* 606 F.3d 1206 (9th Cir. 2010) (applying *Hayward*); *Pirtle v. California Board of Prison Terms*, --- F.3d ---, 2010 WL 2732888 (9th Cir. July 12, 2010) (same).

provided such amended petition is filed within 30 days of the date the decision of the California Supreme Court becomes final.  Respondent must serve and file an answer to the amended petition within 30 days after the Petitioner serves an amended petition.  Petitioner may file a reply within 21 days after service of the answer.

      Dated:  July 28, 2010.

                              /s/ James K. Singleton, Jr.
                             JAMES K. SINGLETON, JR.
                             United States District Judge