IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY PRICE,

                Petitioner,

       vs.

MATTHEW CATE,[1] Secretary, California
Department of Corrections and
Rehabilitation,

                Respondent.

No. 2:02-cv-00077-JKS

ORDER
[Re:  Motion at Docket No. 70]
and
MEMORANDUM DECISION

Jeffrey Price, a state parolee initially appearing *pro se*, filed a Petition for Habeas Corpus

Relief under 28 U.S.C. § 2254.  Price is currently in the custody of the California Department of

Corrections and Rehabilitation, in parole status.[2]  Respondent has answered, and Price has

replied.

At Docket No. 68 this Court entered an Order holding this matter in abeyance pending

the exhaustion of Price's state court remedies in connection with the reversal by the Governor of

the Board of Parole Hearings' grant of parole in June 2009.  At Docket No. 70, Price seeks

reconsideration of that Order.  Respondent opposes the Motion for Reconsideration, and Price

has replied.

[1] Matthew Cate, Secretary, California Department of Corrections and Rehabilitation,
substituted for Gary Swarthout, Warden (A), California State Prison, Solano.  Fed. R. Civ. P.
25(d).

[2] Respondent has advised the court that Price was released to parole status on
December 15, 2010.  Docket No. 73.

I.  BACKGROUND/PRIOR PROCEEDINGS

Following the entry of a guilty plea in July 1986, Price was convicted in the Los Angeles Superior Court of Murder in the Second Degree (Cal. Penal Code, §§ 187, 190), with a use of a firearm enhancement (Cal. Penal Code, § 12022.5).  The trial court sentenced Price to an indeterminate term of 15 years to life, to be served consecutive to a determinate two-year term for the firearm enhancement.  Price does not challenge his conviction or sentence in this proceeding.

In December 1999 the Board of Prison Terms ("Board") declined to find Price suitable for parole.  Price, appearing *pro se*, timely filed a petition for habeas corpus relief in the Los Angeles County Superior Court, which was summarily denied.[3]  Price, proceeding *pro se*, then filed a petition for habeas corpus relief in the California Court of Appeal, Second Appellate District, which was denied for failure to establish a *prima facie* case, citing *Terhune v. Superior Court* (2000) 80 Cal. App. 4th 409, 423;[4] *In re Stanworth* (1982) 33 Cal. 3d 176, 183-185 [654 P.2d 1311, 1315-17]; *In re Powell* (1988) 45 Cal. 3d 894, 902-906 [755 P.3d 881, 885-88].[5] Price then filed a *pro se* petition for habeas relief in the California Supreme Court, which was summarily denied without opinion or citation to authority on September 26, 2001.[6]  Price, appearing *pro se*, timely filed his petition for relief in this Court on January 11, 2002.

---

[3] Docket 54-1, p. 30 ("[The petition] does not state grounds warranting relief.").

[4] The case reported at 95 Cal. Rptr. 2d 279 is actually entitled *In re Rosenkrantz*, not *Terhune v. Superior Court*.

[5] Docket 53-1, p. 2.

[6] Docket 55-1, p. 2.

On September 20, 2005, Price's Petition was dismissed without prejudice as moot.  On

appeal, the Court of Appeals, Ninth Circuit, reversed and remanded.  Price, appearing through

appointed counsel and with leave of court, filed an amended petition.  In his amended petition, in

addition to the 1999 Board denial, Price challenges the reversal by the Governor in 2004 of the

Board's finding of suitability for parole, and the subsequent 2005 denial by the Board to find him

suitable for parole.  The later proceedings are summarized below.  This Court then stayed further

proceedings in this action pending decision by the en banc panel of the United States Court of

Appeals for the Ninth Circuit in *Hayward*.[7]  The Ninth Circuit has issued its en banc opinion in

*Hayward*.[8]

2003 Parole Proceedings:  In September 2003 the Board found Price suitable for parole,

but did not set a parole date.  The Governor reversed the Board's suitability finding in February

2004.  Price, proceeding *pro se*, timely filed a petition for habeas corpus relief in the Los Angeles

County Superior Court, which denied his petition in an unpublished reasoned decision.[9]  The

California Court of Appeal, Second Appellate District, denied habeas relief stating:  "The record

contains sufficient evidence to support the Governor's decision.  (*In re Rosenkrantz* (2002) 29

Cal. 4th 616, 659-682)."[10]  On January 24, 2007, the California Supreme Court summarily denied

---

[7] *Hayward v. Marshall*, 512 F.3d 536, *rehr'g en banc granted*, 527 F.3d 797 (9th Cir. 2008), Case No. 06-55392.

[8] *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc), *overruled sub silentio in part by Swarthout v. Cooke*,  562 U.S. ---, 131 S.Ct. 859 (2011) (per curiam).

[9] Docket No. 52-4, pp. 2-4.

[10] Docket No. 42-2, p. 1.

Price's petition for habeas relief citing *People v. Duvall* (1995) 9 Cal. 4th 464, 474 [886 P.2d 1252, 1258].[11]

2005 Parole Proceedings:  In June 2005 the Board, sitting en banc, declined to find Price suitable for parole.[12]  On January 24, 2007, the California Supreme Court summarily denied Price's petition for habeas relief citing *People v. Duvall* (1995) 9 Cal. 4th 464, 474 [886 P.2d 1252, 1258].[13]

In August 2007 the Board again declined to find Price suitable for parole.  In January 2009 the Board found Price suitable for parole, but the Governor again reversed.[14]  In March 2010 Price again appeared before the Board for a parole-suitability hearing, and was once again denied parole.[15]  The 2007, 2009, and 2010 proceedings are not presently before this Court.

## II.  GROUNDS RAISED/DEFENSES.

In his amended petition Price raises three grounds, with the first ground having four subgrounds:  (1) a violation of due process in that (A) the Board is biased against granting parole to prisoners serving life terms, (B) the evidence does not support the Board's finding of unsuitability for parole, (C) the repeated refusals to find him suitable for parole based upon the unchanging circumstances of the commitment offense, and (D) the Governor's 2004 reversal of the Board's suitability finding breached his plea agreement; (2) denial of parole constitutes cruel

---

[11] Docket No. 56-5, p. 2.

[12] The Board Panel split equally, one to grant parole and the other to deny it.

[13] Docket No. 56-5, p. 2.  In his June 2006 petition to the California Supreme Court, decided January 24, 2007, Price included the 2005 Board denial of parole.  There is no indication in the record that Price sought relief in any lower California court from the 2005 Board denial.

[14] Docket No. 63, p. 3.

[15] Docket No. 70, p. 4.

and unusual punishment; and (3) the Governor's reversal violated the *Ex Post Facto* Clause.
Respondent asserts no affirmative defenses.[16]

### III.  PENDING MOTION

In his motion to reconsider the Order holding this matter in abeyance, Price contends that
the Ninth Circuit's decision holding that the subsequent actions by the Board and the Governor
did not moot the case is the law of the case.  This Court should, therefore, decide the three
actions properly before it, the denials by the Board in 1999 and 2005 and the 2004 reversal by the
Governor, on the merits.

Given the recent decision by the United States Supreme Court in *Cooke*, discussed
further below, there does not appear to be any reason to defer ruling on Price's Petition.
Therefore, this Court will vacate the Order entered at Docket No. 68 and address the Petition on
the merits.

Generally, when a higher court issues new controlling authority after briefing is complete,
this Court requests further briefing from the parties addressing the new authority.  The Supreme
Court decision in this case is so clear that further briefing would appear to unduly prolong this
old case without any possibility of changing the result.  The Supreme Court has limited federal
habeas review to the procedures followed by the Board and the governor and defined with care
what it meant by the applicable procedures.  No longer may this Court consider how the
California courts applied California law.  Under these circumstances, further briefing would not
aid the Court in reaching a decision.

---

[16] *See* Rules—Section 2254 Cases, Rule 5(b).

## IV.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[17]  The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[18]  The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts.[19]  Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[20]  When a claim falls under the "unreasonable application" prong, a state court's application of Supreme Court

---

[17] 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 404-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[18] *Williams*, 529 U.S. at 412.

[19] *Early v. Packer*, 537 U.S. 3, 10 (2002).

[20] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. 120, 127 (2008) (per curiam); *Kessee v. Mendoza-Powers*, 574 F.3d 675, 678-79 (9th Cir. 2009); *Moses v. Payne*, 555 F.3d 742, 753-54 (9th Cir. 2009) (explaining the difference between principles enunciated by the Supreme Court that are directly applicable to the case and principles that must be modified in order to be applied to the case; the former are clearly established precedent for purposes of § 2254(d)(1), the latter are not).

precedent must be objectively unreasonable, not just incorrect or erroneous.[21]  The Supreme

Court has made clear that the objectively unreasonable standard is a substantially higher

threshold than simply believing that the state court determination was incorrect.[22]  In a federal

habeas proceeding, the standard under which this Court must assess the prejudicial impact of

constitutional error in a state-court criminal proceeding is whether the error had a substantial and

injurious effect or influence in determining the outcome.[23]  Price has the burden of showing by a

preponderance of the evidence that he merits habeas relief.[24]

In applying this standard, this Court reviews the last reasoned decision by the state

court.[25]  Under AEDPA, the state court's findings of fact are presumed to be correct unless the

petitioner rebuts this presumption by clear and convincing evidence.[26]

## V.  DISCUSSION

### Ground 1(A):  Board Bias

Price contends that the Board is biased against granting parole to "lifers."  It does not

appear that Price raised this issue in the state courts until he filed his petition for habeas relief in

---

[21] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

[22] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

[23] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[24] *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002); *see Wood v. Bartholomew*, 516 U.S. 1, 8 (1995) (per curiam) (stating that a federal court cannot grant "habeas relief on the basis of little more than speculation with slight support").

[25] *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004).

[26] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

the California Supreme Court in 2006, which petition was summarily denied without a reasoned

opinion.  When there is no reasoned state court decision denying an issue presented to the state

court and raised in a federal habeas petition, this Court must assume that the state court decided

all the issues presented to it and perform an independent review of the record to ascertain

whether the state court decision was objectively unreasonable.[27]  The scope of this review is for

clear error of the state court ruling on the petition:

> [A]lthough we cannot undertake our review by analyzing the basis for the state
> court's decision, we can view it through the "objectively reasonable" lens ground
> by *Williams* . . . .  Federal habeas review is not *de novo* when the state court does
> not supply reasoning for its decision, but an independent review of the record is
> required to determine whether the state court clearly erred in its application of
> controlling federal law.  Only by that examination may we determine whether the
> state court's decision was objectively reasonable.[28]

"[A]lthough we independently review the record, we still defer to the state court's ultimate

decision."[29]

Price argued before the California Supreme Court that the action by the Board and the

lower state courts was contrary to the intent of Cal. Penal Code, § 3041, and that those decisions,

in some unidentified way, violated due process under the Federal constitution.  Price makes

essentially the same argument before this Court, arguing that the California parole system,

administered in a manner that violates § 3041, arbitrarily establishes a "no parole" policy in

---

[27] *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006); *Pham v. Terhune*, 400 F.3d
740, 742 (9th Cir. 2005) (per curiam).

[28] *Delgado v. Lewis* (*Delgado II*), 223 F.3d 976, 982 (9th Cir. 2000) (internal citation
omitted); *see also Lewis v. Mayle*, 391 F.3d 989, 996 (9th Cir. 2004).

[29] *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

violation of the federal constitution.  Price cites *Hicks v. Oklahoma*[30] for the proposition that arbitrary deprivation of a state statute affecting life or liberty constitutes a violation of federal due process.

First, Price's argument that the Board and lower state courts misapplied Cal. Penal Code § 3041 is a question of state law that, although properly brought before the California Supreme Court, is beyond the purview of this Court in a federal habeas proceeding.  It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law.[31]  A petitioner may not transform a state-law issue into a federal issue by simply asserting a violation of due process.[32]  "[A]bsent a specific constitutional violation, federal habeas corpus review of [state court proceedings] is limited to whether the error 'so infected the [state proceedings] with unfairness as to make the result[] . . . a denial of due process.'"[33]

"'Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension.'"[34]

---

[30] 447 U.S. 343 (1980).

[31] *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (it is presumed that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002); *see also Engle v. Isaac*, 456 U.S. 107, 119 (1982) (challenging the correctness of the application of state law does not allege a deprivation of federal rights sufficient for habeas relief); *Bell v. Cone,* 543 U.S. 447, 455 (2005) (a federal court may not lightly presume that a state court failed to apply its own law).

[32] *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

[33] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974).

[34] *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 345 (2006) (quoting *Smith v. Philips*, 455 U.S. 209, 221 (1982)); *see Wainwright v. Goode*, 464 U.S. 78, 86 (1983) (per curiam).

It is well-established by Supreme Court precedent that there is no constitutional or inherent right of a convicted person to be conditionally released on parole before expiration of a sentence.[35]  In the parole setting, due process requires that the Board review the inmate's record, accord the inmate a personal interview before the Board, and provide a statement of the reasons for denial.[36]  It is axiomatic that a "fair trial in a fair tribunal is a basic requirement of due process," *i.e.*, an absence of actual bias.[37]  This principle applies equally to adjudicative administrative agencies as well.[38]  Price does not allege that the Board is biased or prejudiced against him personally, but as a member of an identifiable class, *i.e.*, those serving life terms. This is more of an equal protection than a due process argument.  Treated as such, Price's argument fails.  Price has not cited any case, and independent research by this Court has not found any such case, holding that "lifers" are a class protected by the Equal Protection Clause of the Fourteenth Amendment.

*Hicks*, cited by Price, cannot be read as broadly as Price contends.  Hicks was sentenced by a jury to 40 years based upon a mandatory statutory provision found to be unconstitutional in another case while Hicks's appeal was pending.  If properly instructed, the jury, in its discretion, could have imposed a sentence of not less than 10 years, instead of the mandatory 40 years.  As instructed, the jury was precluded from exercising that discretion.  On appeal, the state court declined to reverse based upon the argument that because the 40 years was within the statutory

---

[35] *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979).

[36] *See id.* at 15.

[37] *In re Murchison*, 349 U.S. 133, 136 (1955); *Bracey v. Gramley*, 520 U.S. 899, 904-05 (1997).

[38] *Gibson v. Berryhill*, 411 U.S. 564, 579 (1973).

10

range, even if the jury had been properly instructed, the jury might have sentenced Hicks to the

40 years, thereby rendering the error non-prejudicial.  The Supreme Court first held that the right

to the benefit of the jury's discretion in fixing a sentence was a right protected by the Due

Process Clause.  The Supreme Court then held that the possibility that the jury might still have

sentenced Hicks to 40 years was insufficient to validate an instruction that negated that

discretion.  In this case, the Board was, in fact, exercising its statutory discretion.

To make out a claim of unconstitutional bias, Price must "overcome a presumption of

honesty and integrity" on the part of the decision-maker.[39]  In support of his claim, Price cites

statistical studies showing that the number of paroles granted "lifers" is very low and cites a

number of cases in which a California or federal court has found that the finding of the board

denying parole was arbitrary or unsupported by the evidence.  In essence, Price is making a claim

of "institutional bias."  What Price's evidence does not establish is the existence of bias on the

part of the members of either of the two Board panels that denied him parole.

The Supreme Court has never held that the mere fact that, in the exercise of its discretion,

a parole board denies parole in the vast majority of cases involving lifers necessarily establishes

an unconstitutional bias or prejudice on the part of the Board.  Indeed, the Ninth Circuit has held

that repeated unfavorable rulings, standing alone, are insufficient to support a claim that a

decision-maker was biased.[40]  Were this Court to accept Price's position in this case, it would in

effect break new ground or impose a new obligation on the States, which this Court may not do.[41]

---

[39] *Withrow v. Larkin*, 421 U.S. 35, 46 (1975).

[40] *Stivers v. Pierce*, 71 F.3d 732, 741-42 (9th Cir. 1995).

[41] *See Smith v. Mahoney*, 596 F.3d 1133, 1153 (9th Cir. 2010).

Price, having failed to present an issue of constitutional dimension, is not entitled to relief under

Ground 1(A).

Ground 1(B):  Insufficient Evidence to Support an Unsuitable Finding; Ground 1(C):
Reliance on Unchanging Circumstances

Because these two issues are inextricably intertwined, *i.e.*, reliance on unchanging

circumstances being part of sufficiency of the evidence, they are discussed together.  Price argues

that the evidence is insufficient to support either the Board's or the Governor's findings that he

posed an unreasonable risk of danger to society if released on parole.

After briefing in this case was completed, the United States Supreme Court decided

*Cooke*.  This Court must decide the case on the law as it exists at the time this Court renders its

decision and, if controlling law changes while the case is pending, this Court applies the law as

changed.[42]  Thus, *Cooke* dictates the outcome in this case.

Generally, when a higher court issues new controlling authority after briefing is complete,

this Court requests further briefing from the parties addressing the new authority.  The Supreme

Court decision in this case is so clear, that further briefing would unduly prolong this old case

without any possibility of changing the result.  The Supreme Court has limited federal habeas

review to the procedures followed by the Board and the governor and defined with care what it

meant by the applicable procedures.  No longer may this Court consider how the California

courts applied California law.  Under these circumstances, further briefing would not aid the

Court in reaching a decision.

---

[42] *See Thorpe v. Housing Authority of City of Durham*, 393 U.S. 268, 281-82 (1969);
*Lambert v. Blodgett*, 393 F.3d 943, 973 n.21 (9th Cir. 2004).

12

It is well-established by Supreme Court precedent that there is no constitutional or inherent right of a convicted person to be conditionally released on parole before expiration of a sentence.[43]  That a California prisoner has a liberty interest in parole protected by the procedural safeguards of the Due Process Clause of the Fourteenth Amendment is settled.[44]  Because the only federal right at issue in parole cases is procedural, the relevant inquiry is whether Price received due process.[45]  The Constitution only requires that a prisoner be allowed an opportunity to be heard and be provided with a statement of the reasons why a parole is denied, nothing more.[46]  Price contends that the decisions of the Board and Governor were unsupported by some evidence as required by California law.[47]  "[I]t is of no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied."[48]  California prisoners are allowed to speak at their parole hearings and to contest the evidence against them, are afforded access to their records in advance, and are notified of the reasons why parole is denied.  That is all that due process requires.[49]  "'Federal

---

[43] *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979).

[44] *Hayward*, 603 F.3d at 561-64, *overruled sub silentio on another point by Cooke, supra*; *see Pearson v. Muntz*, 606 F.3d 606, 608 (9th Cir. 2010) (per curiam), *overruled sub silentio on another point by Cooke, supra*.

[45] *Cooke*, 131 S. Ct. at 861.

[46] *Id* at 862 (citing *Greenholtz*, 442 U.S. at 16).

[47] *See in re Lawrence*, 190 P.3d 535 (Cal. 2008); *In re Shaputis*, 190 P.3d 573 (Cal. 2008).

[48] *Cooke*, 131 S. Ct. at 863.

[49] *Id.* at 862.

13

courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension.'"[50]

*Cooke* forecloses Price's arguments *vis-a-vis* California's "some evidence" rule.  Price has failed to present an issue of constitutional dimension.  Price is not entitled to relief under grounds 1(B) and (C).

Ground 1(D):  Violation of Plea Agreement.

Price argues that at the time he entered his guilty plea, he had a settled expectation that he would be granted parole pursuant to the terms that the Board set.  Price contends that the provision providing for gubernatorial review and reversal of Board findings of suitability for parole, which did not exist at the time Price entered his guilty plea, denied Price this settled expectation.  Although Price did not raise this issue in his petition for habeas relief in the Los Angeles Superior Court, Price did raise this issue before the California Court of Appeal.[51]  Price also raised this issue in a perfunctory manner before the California Supreme Court.[52]  Neither state court addressed the issue in a reasoned decision.  Thus, this Court must assume that the state courts decided the issue presented to them and perform an independent review of the record

---

[50] *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 345 (2006) (quoting *Smith v. Philips*, 455 U.S. 209, 221 (1982)); *see Wainwright v. Goode*, 464 U.S. 78, 86 (1983) (per curiam).

[51] Docket No. 54-3, pp. 6-10.

[52] Docket 56-6, p. 10.

to ascertain whether the state court decision was objectively unreasonable,[53]  The scope of this review is for clear error,[54] giving due deference to the state court's ultimate decision.[55]

Price reads his "settled expectation" too broadly.  What the State promised Price in exchange for his guilty plea was a sentence of 15 years to life, with a possibility of parole at some point after he had served his minimum term.  There was no promise, actual or implied, of when or under what terms or conditions he might be given parole, or, for that matter, that he would be granted parole at all at any time.  The situation in this case is unlike that in *St. Cyr*,[56] relied on by Price in his petition to the California Court of Appeal.  In *St. Cyr*, the legislation in question abolished the right of discretionary relief entirely, not merely the manner in which it was exercised.  Indeed, the Court in *St. Cyr* recognized that a mere change in the manner in which the discretion was exercised would not raise a constitutional question.[57]  Moreover, the change in California law was nothing more than an alteration of the method of granting parole under identical substantive standards.[58]

On the record before it, this Court cannot say that the assumed decision of the California Supreme Court upholding the Governor's reversal of Price's parole in the face of a challenge that it violated his plea agreement was "contrary to, or involved an unreasonable application of, . . .

---

[53] *Reynoso*, 462 F.3d at 1109; *Pham*, 400 F.3d at 742 (9th Cir. 2005).

[54] *Delgado II*, 223 F.3d  at 982.

[55] *Pirtle*, 313 F.3d at 1167.

[56] *Immigration & Naturalization Svc. v. St. Cyr*, 533 U.S. 289 (2001).

[57] *Id.* at 314 n.38.

[58] *See California Dept. of Corrections v. Morales*, 514 U.S. 499, 507-08 (1995) (holding that a change to allowing the Board to increase the time between reviews did not violate the *Ex Post Facto* Clause).

[*St. Cyr*]" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[59]  Price is not entitled to relief under Ground 1(D).

<u>Ground 2:  Cruel and Unusual Punishment</u>.

Price simply states: "The board in denying parole to Price has violated his right to be free of cruel and unusual punishment."  As for his factual basis, Price simply states: "Same facts as set forth above."  This issue was neither presented to nor addressed by the Los Angeles County Superior Court.  The issue was, however, at least in passing, presented to the California Supreme Court.[60]  Price's position is terse and undeveloped.  This Court is neither required, nor inclined, to guess at which facts asserted by a petitioner may support a particular ground.  As the Supreme Court has stated:

> Habeas Corpus Rule 2(c) is more demanding.  It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground."  See also Advisory Committee's Note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts.  [But] it is the relationship of the facts to the claim asserted that is important . . . ."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)).  Accordingly, the model form available to aid prisoners in filing their habeas petitions instructs in boldface:
> > **"CAUTION:  You must include in this petition <u>all</u> the grounds for relief from the conviction or sentence that you challenge.  And you must state the facts that support each ground.  If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date."**
> > Petition for Relief From a Conviction or Sentence By a Person in

---

[59] 28 U.S.C. § 2254(d).

[60] Docket No. 56-6, p. 11.  Simply refers to its presentation in the Los Angeles Superior Court, which is incorrect, and the Court of Appeal challenging the Governor's reversal of the 2003 grant of parole by the Board.

State Custody, Habeas Corpus Rules, Forms App., 28 U.S.C., P.
685 (2000 ed., Supp. V) (emphasis in original).
        A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with
particularity is to assist the district court in determining whether the State should
be ordered to "show cause why the writ should not be granted."  § 2243.  Under
Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the
petitioner is not entitled to relief in the district court," the court must summarily
dismiss the petition without ordering a responsive pleading.  If the court orders the
State to file an answer, that pleading must "address the allegations in the petition."
Rule 5(b).[61]

The Eighth Amendment prohibits sentences that are grossly disproportionate to the crime,

"outside the context of capital punishment, successful challenges to the proportionality of

particular sentences will be exceedingly rare."[62]  Balanced against the proportionality principle is

the corollary principle that the determination of prison sentences is a legislative prerogative not

within the province of the courts.[63]  The Ninth Circuit has held that "'only extreme sentences that

are grossly disproportionate to the crime' violate the Eighth Amendment."[64]  Here, Price has not

identified those facts, other than the fact he remains imprisoned after serving his minimum

statutory term of an indeterminate life term, to support his position.  Price received an

indeterminate sentence of 15 years to life.  Price does not show how the denial of parole to a

person convicted of murder, which would be, in effect, a reduction of his maximum sentence of

life, constitutes cruel and unusual punishment.  Price bears the burden of establishing that he is

---

[61] *Mayle*, 545 U.S. at 655-56.

[62] *Solem v. Helm,* 463 U.S. 277, 289-90 (1983) (internal alterations and emphasis
omitted).

[63] *Rummel v. Estelle*, 445 U.S. 263, 275-76 (1980).

[64] *Cacoperdo v. Demosthenes,* 37 F.3d 504, 507 (9th Cir.1994) (quoting *United States v.
Bland,* 961 F.2d 123, 129 (9th Cir.1992).

entitled to relief.  Price has simply failed to make even a minimal effort to shoulder that burden.
Price is not entitled to relief on his second ground.

Ground 3:  *Ex Post Facto* Clause.

Price contends that retroactive application of the provision providing veto power by the
Governor over parole decisions made by the Board, which was enacted in 1988, two years after
Price's conviction, constitutes a violation of the *Ex Post Facto* Clause.  This issue was neither
presented to nor addressed by the Los Angeles County Superior Court or the California Court of
Appeal.  The issue was, however, presented to the California Supreme Court, albeit in a very
perfunctory manner.[65]  *Garner* made clear that retroactive changes to a state's parole laws may,
in some instances, be violative of the *Ex Post Facto* Clause.[66]  In order to establish an *ex post
facto* violation based on a state's retroactive application of a parole statute, a prisoner must
demonstrate that the new statute "creates a significant risk of prolonging [the prisoner's]
incarceration."[67]  *Ex post facto* analysis of a facially neutral parole law requires a case-specific,
fact-intensive analysis regarding the risk posed by the law to the particular prisoner challenging
its application.[68]  The Supreme Court has also noted that the possibility of immediate release is
largely "theoretical" in that in many cases a prisoner's release date comes at least several years
after a finding of suitability.[69]  Thus, the question before this Court is whether the decision of the

---

[65] Docket No. 56-6, p. 11 ("The 2004 Governor's reversal also violates Price's right to be
free of ex post facto laws under the United States Constitution. (See, e.g., *Garner v. Jones* (2000)
529 U.S. 244 and *Brown v. Palmateer* (9th Cir. 2004) 379 F.3d 1089.)").

[66] *Garner*, 529 U.S. at 250 (citing *Lynce v. Mathis*, 519 U.S. 433, 445-46 (1997)).

[67] *Id*.

[68] *See, e.g., id.* (prisoner "must show that as applied to *his own* sentence the law created a
significant risk of increasing his punishment") (emphasis added).

[69] *Morales*, 514 U.S. at 513 (citing a finding by the California Supreme Court).

California Supreme Court upholding the denial of parole by the Governor in the face of an *ex post facto* challenge was contrary to, or involved an unreasonable application of *Garner* and *Morales*, or constituted an unreasonable determination of the facts in light of the evidence presented to it.  Although Respondent has not raised as a defense the failure to exhaust state court remedies,[70] neither has it been waived,[71] and in appropriate circumstances this Court may raise the issue *sua sponte*.[72]  This case presents a situation where it is appropriate to raise the failure to exhaust available state court remedies *sua sponte*.

As the Supreme Court made crystal clear in *Garner*, application of the *Ex Post Facto* Clause to parole is a fact-driven analysis.  Where, as here, the state court is not presented with any factual basis to support the issue, it makes it extremely difficult, if not impossible, for a federal court to determine that the holding of the state court was contrary to or an unreasonable application of controlling Supreme Court precedent.[73]  It certainly makes it impossible for a federal court to find that the state court unreasonably determined the facts in light of the evidence before the state court when there is no evidence before the state court.  In denying Price's petition, the California Supreme Court cited *People v. Duvall* (1995) 9 Cal.4th 464, 474 [886 P.2d 1252, 1258].  *Duvall* summarizes the requirements of habeas practice in California, which

---

[70] 28 U.S.C. § 2254(b)(1); *see* Rules—Section 2254 Cases, Rule 5(b).

[71] 28 U.S.C. § 2254(b)(3) ("a State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement, unless the State, through counsel, expressly waives the requirement.").

[72] *See Day v. McDonough*, 547 U.S. 198, 206-07 (2006); *Vang v. Nevada*, 329 F.3d 1069, 1073 (9th Cir. 2003).

[73] This Court notes that Price did not request an evidentiary hearing before the California courts, nor has he requested an evidentiary hearing before this Court.  *See* 28 U.S.C. 2254(e)(2) (precluding this Court from holding an evidentiary hearing in cases where the petitioner has failed to fully develop the facts in the state courts).

includes a recitation of the factual basis for the claim, and if the factual basis does not establish a *prima facie* case, the petition is denied.

Finally, the Ninth Circuit has held in a decision binding on this Court, "that the application of Proposition 89 to authorize the Governor's review of [Price's] grant of parole did not violate the Ex Post Facto Clause."[74]   Based upon the record before it, this Court cannot say that the decision of the California Supreme Court upholding the Governor's reversal of the Board's finding of suitability for parole in the face of an *ex post facto* challenge was "contrary to, or involved an unreasonable application of, . . . [*Garner* and *Morales*]" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[75]   Price is not entitled to relief on his third ground.

## V.  CONCLUSION AND ORDER

Price is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Motion for Reconsideration at Docket No. 70 is **GRANTED**.

**IT IS FURTHER ORDERED THAT** the Order at Docket No. 68 is **VACATED**.

**IT IS FURTHER ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

---

[74] *Johnson v. Gomez*, 92 F.3d 964, 967 (9th Cir. 1996).

[75] 28 U.S.C. § 2254(d).

**IT IS FURTHER ORDERED THAT** this Court declines to issue a Certificate of Appealability.[76]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[77]

The Clerk of the Court is to enter judgment accordingly.

Dated:  March 11, 2011.

/s/ James K. Singleton, Jr.

JAMES K. SINGLETON, JR.
United States District Judge

---

[76] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).

[77] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.