IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY PRICE,<br><br>                Petitioner,<br><br>vs.<br><br>MATTHEW CATE, Secretary, California Department of Corrections and Rehabilitation,<br><br>                Respondent. | No. 2:02-cv-00077-JKS<br><br>ORDER<br>[Re: Motion at Docket No. 76] |

At Docket No. 76 Petitioner, Jeffrey Price, a state prisoner appearing through counsel, filed a Motion to Alter or Amend Judgment.[1] In his motion, Price contends that this Court erred in ruling that the retroactive provision providing veto power by the Governor over parole decisions made by the Board of Parole Hearings violated the *Ex post Facto* Clause of the United States Constitution. Price contends that this Court should hold an evidentiary hearing arguing that, if allowed discovery and an evidentiary hearing to develop and litigate all the facts, he could show that the provision granting the Governor veto power over decisions of the Board,[2] enacted subsequent to Price's conviction, violated the *Ex Post Facto* Clause. This Court disagrees.

The Supreme Court recently made clear in *Pinholster* that "review under [28 U.S.C.] § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on

---

[1] Fed. R. Civ. P. 59(e).

[2] Cal. Const. Art. V, § 8, subd. (b).

the merits."[3]  Although an evidentiary hearing in a federal habeas proceeding is not absolutely precluded under *Pinholster*, *Pinholster* also made clear that the discretion to grant a request for an evidentiary hearing is cabined by § 2254(e)(2),[4] which provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
> (A) the claim relies on—
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Price's request in this case does not meet that standard.

Price's reliance on *Thomas v. Yates*[5] is misplaced.  In *Thomas* the petitioner adequately developed a factual basis to raise a *prima-facie ex post facto* claim in the state court, but was precluded by the state court from developing further evidence in support of that claim.[6]  As this Court noted in its Memorandum Decision, unlike Thomas, Price neither presented any factual basis for his *ex post facto* claim to the state courts, nor did he request an evidentiary hearing in the state courts.[7]  Thus, it cannot be said on the record that the state courts precluded him from

---

[3] *Cullen v. Pinholster*, 563 U.S. ___, 131 S. Ct. 1388, 1398-99 (2011); *see Townsend v. Sain*, 372 U.S. 293, 312-13, 319 (1963), *overruled on other grounds by Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992), *superceded in part by statute*, 28 U.S.C. 2254(e)(2) (1996).

[4] *Pinholster*, 563 U.S. at ___, 131 S. Ct. at 1400-01.

[5] 637 F.Supp.2d 837 (E.D. Cal. 2009).

[6] *Id.* at 845-46.

[7] Docket No. 74, p. 18.

developing the factual basis for his claim.[8] Indeed, until he filed the motion at bar, Price did not even request an evidentiary hearing in this Court. Accordingly,

**IT IS THEREFORE ORDERED THAT** Motion to Alter or Amend Judgment at Docket No. 76 is **DENIED**.

**IT IS FURTHER ORDERED THAT** this Court declines to issue a Certificate of Appealability.[9] Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[10]

Dated: April 21, 2011.

                                                          /s/ James K. Singleton, Jr.
                                                          JAMES K. SINGLETON, JR.
                                                          United States District Judge

---

[8] *See Pinholster*, 563 U.S. at \_\_\_, 131 S. Ct. at 1417 n.5 (Sotomayer, J., dissenting) (assuming that the majority did not intend to preclude an evidentiary hearing when the petitioner's ability to develop the facts was the fault of the state court itself).

[9] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).

[10] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.